Maceo Earl, Plaintiff-Appellee, v. John D. Thompson and Alex Kelly, Defendants, and La Salle Casualty Company, a Corporation, Garnishee-Appellant.

Gen. No. 53,651.

First District, Fourth Division.

August 5, 1970.

Orner & Wasserman, of Chicago, for appellant.

David Alswang, of Chicago, for appellee.

MR. JUSTICE ENGLISH delivered the opinion of the court.

Garnishee has appealed from a judgment against it for $15,000, the limit of liability under its policy of insurance issued to defendant Kelly. The cause was disposed of on plaintiff's motion for judgment, without the taking of any evidence. Plaintiff had obtained an earlier judgment against defendants for $25,000 in a suit for personal injuries resulting from an assault against him by defendant Thompson who was an employee of defendant Kelly. No appeal was taken from that judgment.

Plaintiff then instituted the instant proceedings and garnishee answered plaintiff's interrogatories denying any indebtedness to defendants. Specifically, garnishee set out two defenses. First, it alleged that its policy with defendant Kelly contained the following endorsement:

> Assault and battery endorsement. It is agreed that such insurance as is afforded by the policy for bodily injury liability and for property damage liability does not apply to liability arising out of any assault and/or battery.

It claimed that this endorsement operated as an exclusion of coverage under the facts of the case. Second, it alleged that, under the terms of the policy, a "condition precedent to liability" was that defendant Kelly "afford his assistance and cooperation to garnishee in the defense of any lawsuit filed against him falling within the coverage" otherwise afforded by the policy, and that he failed to do this.

33

Plaintiff then filed a "Motion To Strike Answers of the Garnishee . . . to Plaintiff's Interrogatories in Garnishment and Enter Judgment." In support of this motion, he alleged that in the injury action defendant Kelly had filed sworn answers to plaintiff's interrogatories and that said answers had been prepared by "Morton Meyer, the attorney of record for the said Alex Kelly, and who in truth and in fact at said time was the attorney in charge of and representing the interests of La Salle Casualty Company." He further stated that, in answer to interrogatory number 5 which read, "State whether the said policy covered or insured Alex Kelly as to the cause of action set forth in plaintiff's Complaint at Law," the answer was "Yes." Interrogatory number 6, in the event of a negative answer to number 5, asked that the policy provision be quoted which exempted plaintiff's cause of action. The response read "Not applicable." Plaintiff asserted that these answers stood without attempted modification "until during the trial" of the personal injury cause when defendants' attorney, who was representing the interests of La Salle Casualty as the insurer of Kelly, moved to amend them; that leave to amend was denied by the court before which the personal injury action was tried. Plaintiff alleged, therefore, that defendant Kelly and garnishee were "estopped from denying the validity and truth" of the answers quoted above, or that they had "been guilty of laches and culpable negligence." Plaintiff's motion also argued that the earlier order of the court denying the motion to modify the interrogatory answers had become final and could not be retried in these proceedings.

In further support of his motion to strike the answers of garnishee, plaintiff averred that the defense of lack of cooperation by defendant Kelly could not be raised, since motions to withdraw and for a continuance by defendants' attorney had been denied by the court in the personal injury action. He argued that this also constituted

34

a final and binding adjudication on the issue of lack of cooperation.

Garnishee subsequently filed its "Answer of Garnishee Defendant to Plaintiff's Motion To Strike Garnishment Answers and for Judgment." It alleged therein that, prior to trial of the injury suit, it had sent a letter to plaintiff's attorney informing him that garnishee afforded no liability coverage for the incident because of the exclusion contained in the assault and battery endorsement. The answer also averred that garnishee had assumed the injury suit defense pursuant to a reservation of rights. Answering further, garnishee stated that the Answers to Interrogatories in the injury suit, which had admitted coverage, had been "filed in error" by the attorney who had represented defendants in that litigation. It also denied that the trial court's refusal to permit correction of that mistake by the filing of amended interrogatory answers in the injury suit constituted an adjudication on the merits of the coverage exclusion. Garnishee urged that estoppel was improper since plaintiff was aware of the exclusion and that, at any rate, there could be no waiver of a clear and unequivocal exclusion. It also averred that lack of cooperation on the part of the insured raised a factual question which could not be disposed of by motion.

Upon consideration of plaintiff's motion and garnishee's answer, the court entered judgment against garnishee and this appeal followed.

■ In this court, garnishee contends that the trial court's rulings in the injury action did not preclude it from asserting its coverage defenses under the policy in the instant garnishment proceeding. Plaintiff asserts that the issue of coverage had been presented and ruled upon by the trial court in the injury action, and could not again be raised. The first such ruling in the injury action followed defense counsel's motion to correct defendant Kelly's answers to interrogatories 5 and 6 on the

35

ground that coverage had been admitted by mistake. In denying the motion, the court stated:

> . . . what you are attempting to do is to make an oral motion to take out the answers to interrogatories which were answered by Mr. Kelly under oath.
>
> At the time that he signed the interrogatories and I don't believe it is correct, it would not be correct for me to permit this alteration, especially by making an oral motion.
>
> More especially in view of the fact that the alterations which you wish me to permit you to make is an alteration that is totally damaging to Mr. Kelly's interest and, really, in my opinion, you should not be making this motion.

Plaintiff submits that this denial amounted to a final adjudication of the issue of coverage since no appeal was taken from the injury judgment. However, analysis of the court's statement leads us to a different conclusion. The court indicated that it viewed the answers as those "which were answered by Mr. Kelly under oath." In denying the motion, together with defense counsel's accompanying motion to withdraw from the case, the trial judge pointedly offered his rationale, which was that the motion "is totally damaging to Mr. Kelly's interest," who was not present at the trial which was then in its second day. The trial judge was necessarily concerned with the timeliness of the motions and their repercussions to defendant Kelly, and, in the case then on trial before him, could not have intended to render a binding judgment on the issue of policy coverage. We are of the opinion that garnishee is free to assert its noncoverage defenses, since the issue of coverage was not adjudicated in the prior proceeding.

In addition, the principle of res judicata is inapplicable because there is not an identity of parties in

the two causes. While it may be true that the attorney who represented defendants in the injury action had been retained by La Salle Casualty, it is a non sequitur to conclude, as plaintiff does, that La Salle Casualty was thus the "real party in interest" in both suits. See Sobina v. Busby, 62 Ill App2d 1, 210 NE 2d 769. The doctrine of res judicata is applicable only where the former suit was between the same parties or their privies, and then only as to questions which were, or might properly have been, litigated. City of Peoria v. Peoria City Lines, Inc., 24 Ill2d 457, 461, 182 NE2d 164. Here, the difference in parties renders the doctrine inapplicable to the instant action. So also does the difference in issues. The prior ruling relied on by plaintiff was preliminary or ancillary to the pending trial in the injury suit. The issue of coverage was not before the court, thereby precluding not only res judicata but estoppel by verdict as well. In fact, any attempt to offer evidence on that issue would have been clearly inadmissible. See Welborn v. Illinois Nat. Cas. Co., 347 Ill App 65, 69, 106 NE2d 142; and Gould v. Country Mut. Cas. Co., 37 Ill App2d 265, 283, 185 NE2d 603. (We will not here go into the history of the rule which permits discovery of insurance coverage in an injury action, except to note that it does not relate to the issues raised by the pleadings in such a case.)

Plaintiff maintains, in effect, that the instant case provides an exception to the strict application of the doctrine. He argues that garnishee, as defendants' insurer, by assuming complete control of the defense in the former action, is estopped from claiming, or has waived, its defense of noncoverage. There is strong support for this proposition. In Bourne v. Seal, 53 Ill App2d 155, 166, 203 NE2d 12, the case was decided on an exception to what the court recognized as the general rule of estoppel in insurance cases to the effect that:

. . . an insurer, who assumes the defense of its insured, is later estopped from denying coverage or from raising any policy defense to the loss resulting from an adverse judgment. [Citations omitted.]

However, as set forth above, garnishee alleged that it had assumed defense of the earlier action pursuant to a "reservation of rights," thus preserving its noncoverage defenses under the policy. The record is devoid of any contradictory statement or evidence with regard to this assertion. As to this point, therefore, a ruling in favor of garnishee rather than plaintiff would have been appropriate. If plaintiff had contested this point, then there would have been a "genuine issue as to any material fact" which would also render summary judgment inappropriate. Ill Rev Stats 1967, c 110, § 57.

Accordingly, the judgment is reversed and the cause is remanded for further proceedings not inconsistent with this opinion.

Reversed and remanded.

STAMOS, P. J. and DRUCKER, J., concur.