HERRICANE GRAPHICS, INC., Plaintiff-Appellee and Cross-Appellant, v. BLINDERMAN CONSTRUCTION COMPANY, INC., Defendant-Appellant and Cross-Appellee.

Second District   No. 2—04—0125

Opinion filed December 13, 2004.

152

Marc S. Mayer and Michael V. Marsh, both of Marc S. Mayer & Associates, of Chicago, for appellant.

Watson B. Tucker, of Smith, Tucker & Brown, of De Kalb, for appellee.

JUSTICE BYRNE delivered the opinion of the court:
Defendant, Blinderman Construction Company, Inc., appeals the

judgment of the circuit court of De Kalb County denying its motion to confirm an arbitration award in its favor and granting the motion of plaintiff, Herricane Graphics, Inc., to vacate the award and enter judgment in its favor in the amount of $47,163. Defendant contends that the trial court exceeded its authority in vacating the arbitrator's decision. Plaintiff cross-appeals the trial court's failure to award plaintiff interest under the State Prompt Payment Act (Payment Act) (30 ILCS 540/0.01 *et seq.* (2002)) and the court's failure to compensate plaintiff for the labor-related component of its work. We reverse the trial court's judgment and confirm the arbitrator's award.

## FACTS

Plaintiff and defendant entered into contract negotiations for plaintiff to furnish and install signs for defendant at a construction project at Northern Illinois University (NIU). Defendant was to be the general contractor for the project, and plaintiff was to be the subcontractor.

On July 7, 1998, defendant faxed plaintiff the initial draft of its subcontract agreement. Plaintiff acknowledged receipt of the contract and agreed to the terms by letter dated July 9, 1998. However, plaintiff never sent defendant a signed version of the contract or any subsequent contract.

The initial contract contained several terms of importance to the proceedings: an arbitration clause and two clauses regarding certified payrolls. The arbitration clause provided, in relevant part, that any controversy or claim arising out of or relating to the subcontract, or breach thereof, was to be settled by arbitration. The clauses regarding certified payrolls provided, in relevant part:

"Payment will be made once each month equal to 90% of the value of the work satisfactorily completed as received from the Owner. Written request for payment must be in the hands of the Contractor not later than the 1st of each month covering work satisfactorily completed during the previous month, in a form as required by the Contractor. *** The Subcontractor shall furnish to the Contractor a breakdown of costs of said Subcontract, showing monetary value of each item of labor and material, in accordance with terms of the General Contract, and in a form acceptable to the Contractor.

* * *

Compliance with Applicable Laws[.] *** Subcontractor will submit required compliance reports, including weekly certified payrolls as required by federal law."

The parties modified the contract terms between the time

defendant sent plaintiff the initial proposal and August 25, 1998. However, defendant alleged that the arbitration and payroll terms were never revised, amended, or excluded. During the contract modification period, plaintiff commenced installation of the signs. A significant portion of the work was fully performed prior to receipt of the August 25, 1998, contract modification. Plaintiff points out that this contract contains a rider entitled "Instructions For Subcontractors," which provides the following instruction regarding payroll certification and Equal Employment Opportunity reporting requirements:

"You are advised that the Owner has a right to order funds withheld from payments equal to the amount of the *labor* expended in the event that these records are not completed." (Emphasis added.)

By letters dated September 9, 1998, November 16, 1998, and March 22, 1999, defendant acknowledged to plaintiff that the owner, NIU, had approved all of plaintiff's work and had paid defendant for that work. Plaintiff alleged that approximately 90% of that work, or $47,163, represented the selling price of hardware and other goods that plaintiff had installed at the jobsite. Plaintiff alleged that the balance, $5,240, represented the labor component of plaintiff's work.

Plaintiff believed that its performance was based on a bid contract that was accepted by defendant, and plaintiff objected to the execution of the August 25, 1998, contract because it did not contain the correct scope of work. Plaintiff acknowledged that defendant was withholding the funds that defendant had received from NIU until defendant received a certified payroll from plaintiff. Plaintiff also acknowledged that the execution of the contract was a condition of payment.

Defendant alleged that, during plaintiff's performance of the contract, defendant repeatedly attempted to obtain certified payrolls from plaintiff. Defendant also alleged that it repeatedly advised plaintiff that payment would be issued only upon receipt of those certified payrolls. However, plaintiff never delivered certified payrolls to defendant. As a result, defendant refused to pay plaintiff.

In December 2002, four years after the project was completed, plaintiff sued defendant for, *inter alia*, breach of contract to recover for the work it performed and the material it expended on the project. Defendant subsequently filed a motion requesting the trial court to stay the suit pending arbitration. The trial court granted defendant's motion and the matter was submitted to arbitration.

The arbitrator entered an award in defendant's favor, finding that the submission of certified payrolls was a condition of payment and the failure to provide the certified payrolls prevented plaintiff's recovery of any money for either wages or material expended under

the contract. Neither plaintiff nor defendant supplied this court with a record of the arbitration hearing or the memorandum of decision. We note that the materials used by plaintiff for the project constituted 90% of the total amount requested for reimbursement.

On September 8, 2003, defendant filed a motion with the trial court to confirm the arbitration award and enter judgment in its favor. Thereafter, plaintiff filed a motion objecting to the confirmation of the award. Plaintiff sought to vacate the award under section 12(a)(3) of the Uniform Arbitration Act (Arbitration Act) (710 ILCS 5/12(a)(3) (West 2002)) or, in the alternative, to modify the award pursuant to section 13 of the Arbitration Act (710 ILCS 5/13 (West 2002)).

On January 29, 2004, the trial court denied defendant's motion to confirm the award and granted plaintiff's motion to vacate the award. The trial court noted in its order that it specifically disagreed with the arbitrator's decision with respect to the materials furnished on the project and found that the value of the materials furnished by plaintiff to defendant on the construction project was 90% of the total amount of plaintiff's claim. Accordingly, the trial court entered judgment in plaintiff's favor in the amount of $47,163, representing 90% of $52,403 sought by plaintiff.

Defendant timely appeals, contending that the trial court exceeded its authority in vacating the arbitrator's decision. Plaintiff timely cross-appeals, contending that the trial court erroneously failed to award plaintiff interest under the Payment Act and failed to compensate plaintiff for the labor-related component of its work.

## ANALYSIS

■ It is well settled that a court's review of an arbitrator's award is extremely limited (*American Federation of State, County & Municipal Employees v. The Department of Central Management Services*, 173 Ill. 2d 299, 304 (1996)), in fact, more limited than appellate review of a trial court's decision. *Cook County v. American Federation of State, County & Municipal Employees, District Counsel 31, Local 3315*, 294 Ill. App. 3d 985, 988 (1998). Because the parties have agreed to have their dispute settled by an arbitrator, it is the arbitrator's view that the parties have agreed to accept, and the court should not overrule an award simply because its interpretation differs from that of the arbitrator. *Everen Securities, Inc. v. A.G. Edwards & Sons, Inc.*, 308 Ill. App. 3d 268, 273 (1999). Furthermore, there is a presumption that the arbitrator did not exceed his authority. *Tim Huey Corp. v. Global Boiler & Mechanical, Inc.*, 272 Ill. App. 3d 100, 106 (1995). Thus, a court must construe an award, if possible, so as to uphold its

validity. *Everen Securities*, 308 Ill. App. 3d at 273. A court has no power to determine the merits of the award simply because it strongly disagrees with the arbitrator's contract interpretation. *Canteen Corp. v. Former Foods, Inc.*, 238 Ill. App. 3d 167, 179 (1992). Also, a court cannot overturn an award on the ground that it is illogical or inconsistent. *Perkins Restaurants Operating Co., L.P. v. Van Den Bergh Foods Co.*, 276 Ill. App. 3d 305, 309 (1995). In fact, an arbitrator's award will not even be set aside because of errors in judgment or a mistake of law or fact. *Roubik v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 181 Ill. 2d 373, 381 (1998).

■ The limited circumstances under which we may modify or vacate an arbitration award are set forth in the Arbitration Act (710 ILCS 5/1 *et seq.* (West 2002)). Section 13(a) of the Arbitration Act (710 ILCS 5/13(a) (West 2002)) allows a court to modify or correct an award where: (1) there was an evident miscalculation or an error in a description; (2) the arbitrators ruled on a matter not submitted to them, and the court is able to correct the award without affecting the merits of the decision upon the issues submitted; or (3) the award is imperfect in form.

■ Under section 12(a) of the Arbitration Act (710 ILCS 12(a) (West 2002)), a court can vacate an award in the following circumstances: (1) the award was obtained by corruption or fraud; (2) the arbitrator was partial; (3) the arbitrator exceeded his powers; (4) the arbitrator unreasonably refused to postpone the hearing or hear material evidence; or (5) there was no arbitration agreement.

■ Although a court cannot vacate an award due to errors in judgment or mistakes of fact or law, a court can vacate an arbitration award where a gross error of law or fact appears on the award's face or where the award fails to dispose of all matters properly submitted to the arbitrator. *Edward Electric Co. v. Automation, Inc.*, 229 Ill. App. 3d 89, 97-98 (1992). To vacate an award based on a gross error of law, a reviewing court must be able to conclude, from the award's face, that the arbitrator was so mistaken as to the law that, if apprised of the mistake, he would have ruled differently. *Lee B. Stern & Co. v. Zimmerman*, 277 Ill. App. 3d 423, 428 (1995). The burden is placed on the challenger to prove by clear and convincing evidence that an award was improper. *Thomas v. Leyva*, 276 Ill. App. 3d 652, 654 (1995).

On appeal, defendant contends that the trial court erred in vacating the arbitrator's decision. Specifically, defendant asserts that by invading the province of the arbitrator and substituting its own construction of the contract and interpretation of the facts, the court failed to apply the proper standard of review. Plaintiff counters that the rider to the August 25 contract expressly provides that defendant

has a right to withhold payments equal to the amount of *labor* expended but not material used, and that the contract cannot be reasonably interpreted to cover amounts beyond labor expended. Plaintiff contends that the arbitrator exceeded his jurisdiction in interpreting the contract to find that plaintiff was not entitled to any funds expended. Therefore, plaintiff argues that the trial court correctly vacated the award. We review the trial court's ruling *de novo*, as only the trial court's legal conclusions are at issue. *Hawrelak v. Marine Bank, Springfield*, 316 Ill. App. 3d 175, 179 (2000).

■ We find that the trial court did not have the authority to vacate the award under section 12(a)(3) of the Arbitration Act. In determining the proper standard to be applied in construing section 12(a)(3) of the Arbitration Act, we have looked to the explanation of the chairman of the committee that drafted the Arbitration Act, which Illinois adopted in 1961:

> " '[T]he question for the court is whether the construction of the contract made by the arbitrator is a reasonably possible one that can seriously be made in the context in which the contract was made. Stated affirmatively, if all fair and reasonable minds would agree that the construction of the contract made by the arbitrator was not possible under a fair interpretation of the contract, then the court would be bound to vacate or refuse to confirm the award.' " *Rauh v. Rockford Products Corp.*, 143 Ill. 2d 377, 391-92 (1991), quoting M. Pirsig, *Some Comments on Arbitration Legislation and the Uniform Act*, 10 Vand. L. Rev. 685, 706 (1957).

Although the trial court disagreed with the arbitrator's decision, we see no principled way for the trial court to inject itself into this case. While the record does not include a transcript of the arbitration hearing or the memorandum of decision, it is clear that the arbitrator heard the testimony, assessed the credibility of the witnesses, and considered the exhibits and evidence presented. The arbitrator then determined whether the July or August contract controlled and which terms applied. There is no indication that the arbitrator acted in bad faith, was guilty of fraud, or chose not to follow the law. Perhaps the arbitrator concluded that the "Instructions for Subcontractor" provision ultimately was waived by the parties and, thus, the relevant payroll provisions could be read in such a manner as to sustain the arbitrator's interpretation. Perhaps the arbitrator believed that the parties, by their actions, interpreted the payment and payroll provisions as expecting *full* payment to be issued only upon receipt of certified payrolls. We find that the arbitrator's interpretation of the parties' contract is potentially reasonable in light of the context of the contract.

Even if, as plaintiff asserts, the arbitrator misinterpreted the instruction provision regarding deducting only labor and not materials, the court's interpretation fails to meet the test in *Garver v. Ferguson*, 76 Ill. 2d 1 (1979), for vacating an award. Gross errors in judgment or gross mistakes of law or fact are not grounds for vacating an award unless the errors are apparent upon the face of the award. *Garver*, 76 Ill. 2d at 7-8. Further, the parties bargained for the arbitrator's interpretation of their final agreement, and a court must not impose its own view.

As the *Garver* court succinctly quoted:

" 'Arbitrators are judges chosen by the parties to decide the matters submitted to them, finally and without appeal. As a mode of settling disputes it should receive every encouragement from courts of equity. If the award is within the submission, and contains the honest decision of the arbitrators, after a full and fair hearing of the parties, a court of equity will not set it aside for error either in law or fact. A contrary course would be a substitution of the judgment of the Chancellor in place of the judges chosen by the parties, and would make an award the commencement, not the end, of the litigation.' " *Garver*, 76 Ill. 2d at 9, quoting *Burchell v. Marsh*, 58 U.S. (17 How.) 344, 349, 15 L. Ed. 96, 99 (1854).

See also *Hawrelak*, 316 Ill. App. 3d at 181 ("Once parties bargain to submit their disputes to the arbitration system (a system essentially structured without due process, rules of procedure, rules of evidence, or any appellate procedure), we are disinclined to save them from themselves"). Since we do not find any gross errors in judgment or gross mistakes of law or fact on the face of the award, and for the other reasons stated above, we find no grounds for vacating the arbitrator's award. Accordingly, the arbitrator in this case did not exceed his authority and the trial court erred in vacating his decision. As such, the award should be reinstated.

■ In plaintiff's cross-appeal, it contends that the trial court erred in failing to award plaintiff interest under the Payment Act and in failing to compensate plaintiff for the labor-related component of its work. We note that plaintiff first raised the issue that it was entitled to interest under the Payment Act in its motion to the trial court to vacate or modify the arbitrator's award. However, after the trial court issued its opinion vacating the arbitrator's award, plaintiff never requested the trial court to render an opinion regarding whether plaintiff was entitled to interest under the Payment Act. The party filing a motion has the responsibility to bring it to the trial court's attention. *Prather v. McGrady*, 261 Ill. App. 3d 880, 885 (1994), citing *Gordon v. Bauer*, 177 Ill. App. 3d 1073, 1085 (1988). Unless circum-

stances indicate otherwise, where no ruling appears to have been made on a motion, the presumption is that the motion was waived or abandoned. *Prather*, 261 Ill. App. 3d at 885, citing *City National Bank v. Langley*, 161 Ill. App. 3d 266, 274 (1987).

Even without waiver, we reject both of plaintiff's arguments on cross-appeal. Section 7 of the Payment Act provides that if a contractor, without reasonable cause, fails to make any payment to his subcontractor within 15 days after receipt of payment under a public construction contract, the contractor shall pay to his subcontractor, in addition to the payment due, interest in the amount of 2% per month. 30 ILCS 540/7 (West 2002). The arbitrator held that defendant withheld payment because plaintiff materially breached the contract, and therefore, the contractor had reasonable cause to withhold payment. Because defendant withheld payment for reasonable cause, plaintiff has no basis for recovery under section 7 of the Payment Act.

Similarly, because the arbitrator found that plaintiff's breach of the contract did not entitle it to any recovery, plaintiff has no basis to argue that the trial court erred in failing to award it the labor-related component of its work.

Accordingly, based on the foregoing, the judgment of the circuit court of De Kalb County is reversed and the arbitrator's decision is reinstated and confirmed.

Reversed.

KAPALA and GILLERAN JOHNSON, JJ., concur.