**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-0018-21

TEE AND GEE UNDERWRITING
MANAGERS, LP,

      Plaintiff-Appellant,

v.

AMERICAN MILLENNIUM
INSURANCE CO.,

      Defendant-Respondent.

_____

      Argued September 29, 2022 – Decided October 28, 2022

      Before Judges Sumners and Geiger.

      On appeal from the Superior Court of New Jersey, Law Division, Somerset County, Docket No. L-0817-21.

      Edwin F. Chociey, Jr., argued the cause for appellant (Riker Danzig Scherer Hyland & Perretti, LLP, attorneys; Edwin F. Chociey, Jr., of counsel and on the briefs; Siobhan A. Neary, on the briefs).

      Alan J. Sorkowitz (Rubin, Fiorella, Friedman & Mercante, LLP) of the New York Bar, admitted pro hac vice, argued the cause for respondent (Rubin, Fiorella, Friedman & Mercante, LLP, attorneys; Bruce M.

Friedman (Rubin, Fiorella, Friedman & Mercante, LLP) of the New York Bar, admitted pro hac vice, of counsel; James E. Mercante and Alan J. Sorkowitz, on the brief).

PER CURIAM

Plaintiff Tee and Gee Underwriting Managers, LP (Tee and Gee) appeals from the Law Division order denying its order to show cause to vacate an arbitration panel ("the panel") award in favor of defendant American Millennium Insurance Company (AMIC). The order entered final judgment confirming the award which required Tee and Gee to pay: AMIC $874,883.50; all outstanding arbitrator fees and expenses; and six percent interest on all amounts due beginning June 11, 2021. We affirm because, contrary to Tee and Gee's contention, the panel adhered to the arbitration guidelines set forth in the parties' Managing General Agency Agreement ("MGA" or "agreement") in issuing its award.

I

In 2015, Tee and Gee, an insurance underwriter/administrator domiciled and licensed in Texas, and AMIC, a New Jersey insurance company, entered into the MGA detailing their business relationship covering AMIC's appointment of Tee and Gee as an independent contractor to serve as the policy administrator of its commercial automobile liability insurance business.

A-0018-21

Relevant to this appeal, the agreement provided they would arbitrate "any dispute or difference of opinion with respect to [the MGA] or the business conducted pursuant to [the MGA]." Their agreement stated that any arbitration would be governed by the American Arbitration Association Commercial Arbitration Rules and Mediation Procedures (AAA Rules) and Illinois state law. On the same day the MGA was reached, Tee and Gee entered into a Segregated Account Participation Agreement (Participation Agreement) with Uberrimae Fidei Insurance Company Ltd. (UFIC).

Almost five years later, AMIC demanded arbitration to resolve its dispute with Tee and Gee. After the parties had each selected an arbitrator and an umpire was selected by the chosen arbitrators to form the panel, they jointly requested the panel dismiss arbitration without prejudice and conduct a separate arbitration between UFIC and Tee and Gee. The panel agreed to do so upon the payment of all outstanding arbitrator fees. Although AMIC paid its share of the fees, Tee and Gee did not, and the panel denied the joint request to dismiss arbitration.

Due to Tee and Gee's non-payment of fees, AMIC moved before the panel for pre-hearing security. The panel granted the motion, ordering Tee and Gee to post security of $739,722, the damages claimed by AMIC plus arbitration fees

A-0018-21

and costs. The panel then denied Tee and Gee's motion for reconsideration, modification, or correction of the pre-hearing security order. The panel also determined its ruling would be decided solely on written submissions. Tee and Gee , however, failed to post security. The panel still proceeded to arbitrate the dispute.

In response to the panel's order, the parties submitted their written arguments and documents, including witness affidavits. On May 27, 2021, the panel issued a final order requiring Tee and Gee to pay: $874,883.50 to AMIC; all outstanding arbitrator fees and expenses; and six percent interest on all amounts due beginning June 11, 2021.

In accordance with Rule 4:67-1(a), Tee and Gee filed an order to show cause to stay enforcement of the arbitration award pending the outcome of its verified complaint to vacate the arbitration award. AMIC opposed and filed a motion for interlocutory injunction to require Tee and Gee to provide a bond for, or to deposit in court, the $874,883.50 arbitration award. Upon considering the parties' written submission and telephonic oral argument, the trial court denied Tee and Gee's application, rejecting its contention that the panel exceeded its authority under the MGA and AAA Rules, refused to hear material evidence, and prejudiced its rights by being impartial. The court also denied

4

AMIC's motion for an interlocutory injunction. Final judgment confirming the arbitration award was entered requiring Tee and Gee to pay the panel's award.

II

Under Illinois law, the controlling law in accordance with the MGA, a party can vacate an arbitration award where:

> (2) there was evident partiality by an arbitrator appointed as a neutral or corruption in any one of the arbitrators or misconduct prejudicing the rights of any party;
>
> (3) the arbitrators exceeded their powers;
>
> (4) the arbitrators refused to postpone the hearing upon sufficient cause being shown therefor or refused to hear evidence material to the controversy or otherwise so conducted the hearing, contrary to the provisions of Section 5 [710 ILCS 5/5], as to prejudice substantially the rights of a party; or
>
> [710 ILCS 5/12(a)(2-4).]

"[A] court's review of an arbitrator's award is extremely limited . . . [and] there is a presumption that the arbitrator did not exceed his authority." Herricane Graphics, Inc. v. Blinderman Constr. Co., 820 N.E.2d 619, 623 (Ill. App. Ct. 2004) (citations omitted). "A court must construe an award, if possible, so as to uphold its validity. . . . In fact, an arbitrator's award will not even be set aside because of errors in judgment or a mistake of law or fact." Ibid. Judicial review

A-0018-21

does not address the merits of the arbitration award but "if the award is within the submission, and contains the honest decision of the arbitrators, after a full and fair hearing of the parties, a court . . . will not set it aside for error either in law or fact." Edward Elec. Co. v. Automation, Inc., 593 N.E.2d 833, 838 (Ill. App. Ct. 1992) (quoting Burchell v. March, 58 U.S. 344, 349 (1855)).

Our review of a trial court's order confirming an arbitration award is a question of law; "we owe no special deference to the judge's interpretation of the law and the legal consequences that flow from the established facts." Yarborough v. State Operated Sch. Dist. of City of Newark, 455 N.J. Super. 136, 139 (App. Div. 2018). Our standard of review is thus de novo. Manger v. Manger, 417 N.J. Super. 370, 376 (App. Div. 2010). In addition to this statutory criterion, "a court, 'may vacate an award if it is contrary to existing law . . . .'" Middletown Twp. PBA Loc. 124 v. Township of Middletown, 193 N.J. 1, 11 (2007) (quoting N.J. Tpk. Auth. v. Loc. 196, 190 N.J. 283, 294 (2007)).

With these principles in mind, we turn to defendant's arguments on appeal.

A.

Tee and Gee makes three contentions to establish the trial court erred in not finding the panel exceeded its authority by denying the parties' joint application to dismiss the arbitration without prejudice. First, Tee and Gee

asserts the court erroneously relied on F. R. Civ. P. 41(a)(2) and Rule 4:37-1(b). It notes that, while both rules state the relevant court must approve a dismissal, F. R. Civ. P. 41(a)(1) and Rule 4:37-1(a) provide voluntary dismissal is permissible upon the parties' stipulation. Tee and Gee maintains the trial court misapplied these rules because the panel disregarded the parties joint request to dismiss the arbitration.

Second, Tee and Gee argues Illinois law also permits voluntary dismissal of an action through the parties' stipulation. Tee and Gee points to Morrison v. Wagner, 729 N.E.2d 486, 488 (Ill. 2000), where it was held that under 735 ILCS 5/2-1009—with two inapplicable exceptions—plaintiffs have "unfettered right to voluntarily dismiss their claims without prejudice, upon proper notice and payment of costs, 'at any time before the trial or hearing begins.'"[1] Thus, Tee and Gee asserts Illinois law was misapplied by the trial court, leading it to erroneously affirm the arbitration award.

---

[1] The exceptions are: (1) "where a previously-filed defense motion could result in a final disposition of the cause of action if ruled upon favorably by the court, the court has the discretion to hear and decide that motion before ruling on the plaintiff's motion for voluntary dismissal[;]" and (2) "where the circumstances of the case are such that dismissal . . . would directly conflict with a specific rule of this court, the terms of the court take precedence." Morrison, 729 N.E.2d at 488.

A-0018-21

Third, Tee and Gee asserts the trial court disregarded the AAA Rules in affirming the arbitration award. Although AAA Rule 57 provides authority for arbitrators to suspend or terminate proceedings due to nonpayment of fees, Tee and Gee argues the panel failed to provide adequate reasoning for denying the parties' dismissal request and accuses the panel of ordering the continuation of the arbitration for "the self-serving reason to recoup their own fees." Additionally, Tee and Gee notes there is no AAA Rule which permits an arbitral panel from denying a joint dismissal request as that rule would "contravene the inherently voluntary nature of arbitration." Therefore, the trial court erred in not vacating the arbitration award because the panel failed to properly exercise its discretion when it had a proper reason to terminate the arbitration proceedings.

There is no merit to Tee and Gee's contentions to vacate the arbitration award. The panel did not exceed its authority under the MGA, Illinois law, nor AAA rules in proceeding with the arbitration and issuing its award even though the parties requested the arbitration be dismissed without prejudice.

There is no provision of the MGA which addresses the dismissal of arbitration once one of the parties has demanded arbitration, but they subsequently mutually agreed to dismiss the proceeding. Under Illinois law,

A-0018-21

735 ILCS 5/2-1009(a),[2] a plaintiff's right to voluntary dismissal without prejudice is relatively unfettered—aside from the noted two inapplicable exceptions—if costs are paid. See Morrison, 729 N.E.2d at 488. Thus, the panel's condition of requiring payment of arbitration fees to dismiss arbitration was consistent with Illinois law, and Tee and Gee has no reasonable basis to complain that its request to dismiss arbitration was not honored when it failed to pay its share of arbitration fees.

The AAA rules do not include a provision governing voluntary dismissal. AAA Rule 57(e), however, states "the arbitrator . . . at the request of the AAA or a party[] may order the suspension of the arbitration" upon nonpayment of fees. And AAA Rule 57(f) permits the arbitrator, following suspension for nonpayment, to terminate proceedings if the parties fail to pay within the time requested. This rule gives the panel the discretion to suspend or terminate arbitration, but it does not require the proceeding to be dismissed. We thus agree with AMIC that the panel had authority under AAA Rule 47(b) to rule on all pre-hearing matters, including the joint proposal to dismiss arbitration without

---

[2] 735 ILCS 5/2-1009(a) provides: "The plaintiff may, at any time before trial or hearing begins, upon notice to each party who has appeared or each such party's attorney, and upon payment of costs, dismiss his or her action or any part thereof as to any defendant, without prejudice, by order filed in the cause."

9

prejudice and conduct a separate arbitration between UFIC and Tee and Gee. Even if the AAA Rules did not specifically give the panel authority to place conditions on the dismissal request, the MGA required the panel to apply Illinois law to prescribe the arbitration procedures—which it did. See Vasa N. Atl. Ins. Co. v. Selcke, 633 N.E.2d 865, 868 (Ill. App. Ct. 1994).

In short, the panel granted the parties' request to dismiss the arbitration without prejudice subject to payment of arbitration fees. Thus, the panel did not exceed its authority by going forward with arbitration because Tee and Gee did not pay its share of the arbitration fees.

B.

Tee and Gee contends the arbitration was fundamentally unfair because the panel prejudiced its right to present material evidence by only allowing it to provide a written submission and not affording it the opportunity to present witness testimony, cross-examine AMIC's witnesses, and make oral argument at a hearing. Tee and Gee contends the lack of a hearing violated both the AAA rules and Illinois law.

Tee and Gee maintains the panel failed to adhere to AAA Rule 32, which requires direct and cross-examination of witnesses. AAA Rule 32(d) specifies that the only instance where an oral hearing cannot be held is when both parties

A-0018-21

waive oral hearing. Additionally, AAA Rules 24-29 calls for an oral hearing in all arbitrations by detailing the procedural and logistical operations of an arbitration hearing. Since Tee and Gee did not waive an oral hearing, it asserts the panel exceeded its authority by unilaterally dispensing with an oral hearing.

Tee and Gee's reliance on AAA Rules 24-29 and 32 is misplaced because the panel limited arbitration to written submission without a hearing, where there could be direct and cross-examination of witnesses, as a sanction for Tee and Gee's non-compliance with the panel's pre-hearing security order. In accordance with the expansive discretion permitted under AAA Rule 58(a),[3] the panel limited the parties' participation in the arbitration to written submissions, including factual contentions and legal arguments, prior to making its decision and issuing an award. Given that both parties were subject to the same

---

[3] AAA Rule 58(a) states:

> The arbitrator may, upon a party's request, order appropriate sanctions where a party fails to comply with its obligations under these rules or with an order of the arbitrator. In the event that the arbitrator enters a sanction that limits any party's participation in the arbitration or results in an adverse determination of an issue or issues, the arbitrator shall explain that order in writing and shall require the submission of evidence and legal argument prior to making of an award. The arbitrator may not enter a default award as a sanction.

A-0018-21

limitations, Tee and Gee was not disadvantaged in presenting its positions to the panel. By deciding the matter on the papers, the panel issues an award in a faster and less costly manner. Furthermore, the proceedings were fundamentally fair under the AAA Rules, and Tee and Gee was not prejudiced. See AAA Rule 32(a) ("The arbitrator has the discretion to vary this procedure, provided that the parties are treated with equality and that each party has the right to be heard and is given a fair opportunity to present its case.").

With respect to Illinois law, Tee and Gee asserts 710 ILCS 5/5 of the Illinois Uniform Arbitration Act, 710 ILCS 5/1 to 5/23, grants the right to an oral arbitration hearing "unless otherwise provided by the agreement." Tee and Gee relies upon Generica Ltd. v. Pharm. Basics, Inc., 125 F.3d 1123, 1130 (7th Cir. 1997) and Int'l Bhd. Elec. Workers v. CSX Transp., Inc., 446 F.3d 714, 720 (7th Cir. 2006), for the proposition that the parties must be allowed to present evidence at a hearing for arbitration to be fundamentally fair. While 710 ILCS 5/5 provides parties to an arbitration are entitled to be heard, present evidence, and cross-examine witnesses, the panel's decision can only be vacated if, under 710 ILCS 5/12(a)(4), the denial of cross-examination substantially prejudiced a party's rights. This was not the case as Tee and Gee's arguments were heard through its written submission, including its documentary evidence and

12

affidavits. See Griffin Indus., Inc. v. Petrojam, Ltd., 58 F. Supp. 2d 212, 220 (S.D.N.Y. 1999) (reviewing a final arbitration order under §10(a)(3) of the Federal Arbitration Act, which is materially identical to 710 ILCS 5/12(a)(4), the court determined "as long as an arbitrator's choice to render a decision based solely on documentary evidence is reasonable[] and does not render the proceeding 'fundamentally unfair[]' the arbitrator is acting within the liberal sphere of permissible discretion."). Tee and Gee's contentions are based upon its expectation as if the parties' dispute was decided in a trial court proceeding. Arbitration, however, is not equivalent to trial court litigation and is "a system essentially structured without due process, rules of procedure, rules of evidence, or any appellate procedure." Hawrelak v. Marine Bank, 735 N.E.2d 1066, 1070 (Ill. App. Ct. 2000). Despite these differences, Tee and Gee's rights were substantially protected under Illinois law by the panel.

Tee and Gee contends the MGA provision stating the parties will arbitrate in New Jersey is indicative of their intent to have an arbitration hearing. Tee and Gee further explains there is no MGA provision in which Tee and Gee waived its right to a hearing or authorized the panel not to conduct a hearing as a sanction. While it was contemplated that a hearing would be held in New Jersey, there is nothing in the MGA requiring the panel to conduct a hearing.

13

Moreover, as noted, the lack of a hearing was the result of the panel's sanction, which it had the discretion to impose—and did so, fairly and without prejudice to Tee and Gee.

Lastly, Tee and Gee argues the panel could not evaluate witness credibility through the conflicting affidavits submitted by the parties as it states in its ruling. Without the ability to cross-examine AMIC's affiants or submit responses to their affidavits, Tee and Gee states it was denied due process. We realize that, if properly executed, cross-examination is an effective tool to reveal the truth of a witness's assertions. Nevertheless, in examining the totality of the circumstances, we conclude the panel's sanction to evaluate the witnesses' credibility based solely on written affidavits is not a sufficient reason to vacate the panel's award given our limited review. The panel based its decision on a full and fair presentation by the parties, albeit in writing. Tee and Gee has not shown how a hearing in which the panel could assess the credibility of witnesses by seeing them testify would have benefitted its position.

To the extent we have not specifically addressed any of Tee and Gee's arguments, we conclude they lack sufficient merit to warrant discussion in a written opinion. R. 2:11-3(e)(1)(E).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

14

A-0018-21