EDWARD M. KALISH, Plaintiff-Appellant, v. ILLINOIS EDUCATION ASSOCIATION, Defendant-Appellee.

First District (5th Division) No. 86—2749

Opinion filed February 5, 1988.

Michael L. Closen and Hope F. Keefe, both of Brunswick & Keefe, of Blue Island, for appellant.

John Barr, of Fuller, Hopp, Barr, McCarthy & Quigg, of Decatur, for appellee.

JUSTICE MURRAY delivered the opinion of the court:

This is an appeal from a trial court order dismissing plaintiff Edward M. Kalish's petition to stay enforcement of and to vacate an arbitrator's award in favor of defendant, Illinois Education Association (IEA).

The record discloses that Kalish, after approximately 12 years' employment with the IEA, entered into a written agreement with the IEA on January 14, 1982. The agreement provided that Kalish's IEA employment would terminate and IEA would pay him monthly temporary disability benefits as provided in its retirement plan, until he qualified for permanent benefits. Arbitration of disputes was provided for in the agreement. Thereafter, Kalish attended law school. A dispute between the parties arose in July 1983 after Kalish informed the IEA that he would be gainfully employed on July 1, 1983, whereupon his benefits under the retirement plan were terminated. In fact, Kalish did not become gainfully employed and subsequently demanded that the IEA make payments, equivalent to the retirement fund payments, pursuant to a guarantor clause in the agreement. The IEA refused and the matter proceeded to arbitration.

After a hearing in August 1985, the arbitrator issued a 45-page opinion and award on December 11, 1985. In his opinion, the arbitrator noted that both parties agreed that the language in the guarantor clause was ambiguous. The actual award stated that Kalish, not the IEA, had violated the agreement and denied Kalish's claim. On January 2, 1986, Kalish filed a motion to reconsider with the American Arbitration Association, in effect, asking the arbitrator to reconsider the merits of the case and to modify the award.

On January 10, 30 days after the award was issued, the arbitrator sent a bill to Kalish requesting immediate payment of arbitration fees and expenses. There is no evidence in the record suggesting that the arbitrator was aware of the motion for reconsideration. Thereafter, Kalish sued to stay enforcement of the award. The trial court granted the IEA's motion to strike the petition, and Kalish now appeals.

On appeal, Kalish asserts that: (1) the arbitrator committed a gross error of law in finding that he had breached the contract by failing to reapply for temporary disability benefits; (2) the arbitrator exceeded his power by finding that Kalish had a contractual duty to reapply; (3) an arbitration proceeding is not finally concluded until the determination of a timely filed motion for clarification of the award; and (4) the arbitrator was guilty of misconduct which preju-

diced Kalish's rights. For the following reasons, we affirm the trial court.

■ Arbitration proceedings and subsequent review are governed by the Uniform Arbitration Act adopted by Illinois in 1961. (Ill. Rev. Stat. 1985, ch. 10, par. 101 *et seq.*) Errors of judgment in law are not grounds for vacating an arbitrator's award. (*Board of Education v. Chicago Teachers Union, Local No. 1* (1981), 86 Ill. 2d 469, 427 N.E.2d 1199.) But, gross errors of judgment in law or mistake of fact can be used to vacate an award where the mistakes or errors are apparent on the face of the award. *White Star Mining Co. v. Hultberg* (1906), 220 Ill. 578, 77 N.E. 327.

Kalish argues that the arbitrator's imposition of a duty on Kalish to reapply for benefits, as expressed in the arbitrator's opinion, is not based on any duty expressed in the agreement. He relies on Michigan law for the proposition that the opinion and award are one and the same. No Illinois law supports this theory. In fact, this court noted in a similar case that faulty reasoning, even if disclosed, does not vitiate an award. (*Wilcox Co. v. Bouramas* (1979), 73 Ill. App. 3d 1046, 392 N.E.2d 198.) Moreover, the arbitrator in the present case noted that both parties agreed that the language in the guarantor clause was ambiguous as it related to other portions of the agreement, and proceeded to interpret the clause in conjunction with the rest of the agreement, the plan, and facts of the case. Even if, for the sake of argument, the arbitrator made a mistake of law in his reasoning, this would not constitute gross error on the face of the award so as to compel vacatur of the award.

■ The above discussion also supports our determination that the arbitrator did not exceed his authority by finding that Kalish had a duty to reapply for benefits. It is settled law that the arbitration agreement between the parties controls which issues are subject to arbitration. (*Schutt v. Allstate Insurance Co.* (1985), 135 Ill. App. 3d 136, 478 N.E.2d 644.) The arbitration clause in this agreement gave Kalish the right to submit any dispute to final and binding arbitration under the rules of the American Arbitration Association. Absent express limitations, the parties are presumed to agree that everything, both as to law and fact, necessary to the ultimate decision is within an arbitrator's authority. *Farmers Insurance Group v. Harris* (1972), 4 Ill. App. 3d 372, 279 N.E.2d 789.

Kalish charged the IEA with breach of the agreement, thus empowering the arbitrator to determine whether a breach had occurred and, if so, by which party. By agreeing to arbitration, the parties unreservedly submitted all questions of fact and law relating to the

disputed issue to the arbitrator and agreed that his decision would be final. (*Wilcox Co. v. Bouramas* (1979), 73 Ill. App. 3d 1046, 392 N.E.2d 198.) Therefore, it is clear that the arbitrator's award was within his scope of authority.

Kalish next contends that, because of his timely filing of a motion for clarification of the award, the award was not final and, further, that the arbitrator acted improperly by sending a bill to Kalish while the motion was pending. Actually, Kalish did not file a motion for clarification, but rather an eight-page motion to reconsider and requested the arbitrator to modify the award as to the merits of the dispute. There is no provision in the Uniform Arbitration Act providing for reconsideration of awards on the merits. The Act does provide that under certain circumstances, an award may be modified or changed to correct miscalculations or other drafting mistakes. (Ill. Rev. Stat. 1985, ch. 10, pars. 109, 113.) The Act states that such corrections are not to affect the merits of the case. (Ill. Rev. Stat. 1985, ch. 10, par. 113(a)(3).) Accordingly, there is no statutory basis for the modification of an award which, in effect, is a request to reconsider the merits of the case rather than a request for mere clarification.

Moreover, public policy strongly supports the principle that an arbitrator's decision is final. The purpose of arbitration is to foster the final disposition of disputes in an easier, quicker, and more economical manner than by litigation. (*First Condominium Development Co. v. Apex Construction & Engineering Corp.* (1984), 126 Ill. App. 3d 843, 467 N.E.2d 932.) The parties bargained for finality when they agreed to submit a dispute to arbitration for a binding and nonappealable decision. (See *White Star Mining Co. v. Hultberg* (1906), 220 Ill. 578, 77 N.E. 327.) And, a contractual arbitration provision stating that an award shall be final should govern. (*Garver v. Ferguson* (1979), 76 Ill. 2d 1, 389 N.E.2d 1181.) In the present case, the arbitration clause in the parties' agreement did contain "final" language and, therefore, the award was final and not subject to reconsideration of the merits sought by Kalish.

A court can vacate an arbitration award on the basis of partiality, corruption, or misconduct that prejudiced a party's rights. (Ill. Rev. Stat. 1985, ch. 10, par. 112(a)(2).) However, the alleged bias of an arbitrator must be shown with clear and convincing evidence, not that which is remote, uncertain, or speculative. (*Ronwin v. Piper, Jaffray & Hopwood, Inc.* (1983), 113 Ill. App. 3d 687, 447 N.E.2d 954.) Regardless of our conclusion that an award was final when issued, there is nothing in the record to show that the arbitra-

tor was aware of the motion to reconsider when he sent a bill to Kalish 30 days after he had resolved the dispute. Any bias here would necessarily be uncertain and speculative. Therefore, the claim of misconduct is without merit.

For the above reasons, we affirm the trial court.

Affirmed.

LORENZ, P.J., and PINCHAM, J., concur.