SIXTH DIVISION

MARCH 30, 2001

No. 1-99-3543

ROSENTHAL-COLLINS GROUP, L.P., ) APPEAL FROM THE

LEHIGH VALLEY FUTURES, INC., and ) CIRCUIT COURT

GREGORY DEUTCH, ) OF COOK COUNTY.

)

Plaintiffs-Appellees, )

)

v. ) No. 97 CH 11264

)

J. DONALD REIFF, ) HONORABLE

) AARON JAFFE,

Defendant-Appellant. ) JUDGE PRESIDING.

PRESIDING JUSTICE CAMPBELL delivered the opinion of the court:

Defendant J. Donald Reiff appeals an order of the circuit court of Cook County vacating an arbitration award on the motion of plaintiffs Rosenthal-Collins Group, L.P., Lehigh Valley Futures, Inc., and Gregory Deutch.

The record on appeal discloses the following facts.  In June 1996, Reiff filed an arbitration claim with the National Futures Association (NFA) against the plaintiffs and Quantum Financial Services.
(footnote: 1)  Rieff alleged that unauthorized trades were made on a futures trading account he had opened with Lehigh Valley Futures, Inc.  

The record contains a letter dated October 1, 1996, from Susan D. Wehrle, a NFA Case Administrator, to counsel for the parties.  Wehrle wrote in part that the NFA had considered information provided by the parties about the location of the hearing.  The letter also stated that the NFA had yet to select a panel, but did not intend to honor the forum selection clause and planned to select arbitrators from the New York City area.

An arbitration hearing was held in New York City before a three-member panel on August 12 and 13, 1997.  

The panel issued an award in favor of Reiff against Rosenthal-Collins Group, L.P. in the amount of $88,581, against  Lehigh Valley Futures, Inc. in the amount of $66,898, and against Deutch in the amount of $88,581.  The record contains three copies of the award.  The copy signed by Gerald Asken was dated August 15, 1997.  The copy signed by Theodore Kadin was dated August 16, 1997.  The copy signed by William McCormick was dated August 19, 1997.  The service date for the award was August 25, 1997.

The record contains a letter dated August 28, 1997, from Reiff's counsel to Wehrle at the NFA.  This letter purported to memorialize a telephone conversation between Reiff's counsel and Wehrle, in which counsel told Wehrle that he had just learned that Reiff had sent two envelopes to Gerald Asken.  Reiff's counsel wrote that the envelopes contained materials intended to rebut a claim made at the hearing that Reiff was a convicted drug dealer.  Reiff's counsel wrote that he understood that Asken was out of the country and that Wehrle had instructed Asken's law firm to return the envelopes unopened.

The record contains a letter dated August 29, 1997, from Wehrle to Reiff's counsel stating that she had contacted Asken's firm and that the materials would be returned.  Wehrle also wrote that Asken was out of the country and had no knowledge of the situation.  Wehrle further wrote that "although the NFA had not served the Award, the Panel had already made its decision before Mr. Reiff sent the packages."  Wehrle wrote that the panel had not been prejudiced by Reiff's action.

The August 28 and 29 letters contain notations that copies were to be sent to plaintiffs' counsel.  Plaintiffs' brief states that copies were sent to them.

On September 9, 1997, the Rosenthal-Collins Group filed a petition to vacate the award, alleging that the arbitrators exceeded their authority and that the award was procured by undue means through 
ex parte
 contact, 
i.e.
, the materials sent to Asken by Rieff.  On September 11, 1997, Lehigh Valley Futures and Gregory Deutch moved to intervene, making the same allegations.  On December 5, 1997, plaintiffs filed an amended consolidated complaint to vacate the award.

On February 17, 1998, the trial court entered an order stating that the matter would be heard as a motion, but permitting limited discovery in the matter.  The record contains an affidavit by Cynthia Cain, the NFA's Director of Arbitration.  Cain's duties included maintenance of the NFA's arbitration records and files.  In the affidavit, Cain states that she is familiar with the 
Rieff
 case.  The Cain affidavit states that the panel in this matter rendered its decision on August 13, 1997, and asked the NFA to prepare the award form.  The Cain affidavit states that the NFA received the award form signed by Asken on August 19, 1997.  The NFA received the other two copies on August 25, 1997.  The Cain affidavit also states that Asken's office told the NFA that Rieff's letters were received on August 21, 1997, when Asken was out of town.

The record also contains Rieff's affidavit.  Rieff stated that he sent two letters to Asken: one on August 19, 1997 by certified mail, the other by regular mail a few days later.  Rieff denied sending any letters to the other arbitrators.  Rieff also denied having any verbal communication with the arbitrators after the hearing.

The record contains a copy of a letter dated August 24, 1996, from Rieff to "Atty Asken and Ari."  This letter appears to address allegations made against Rieff by counsel for the Rosenthal-Collins Group.  Rieff wrote that he "still consider[ed] [himself] under oath."

The record contains a copy of a Domestic Return Receipt for certified mail addressed to Asken, showing a delivery date of August 21, 1997.  The record contains a copy of a letter dated August 25, 1997, from Rieff to "Atty Asken and Committee."  The letter purports to address allegations made against Rieff and concludes with the phrase "Thanking you in advance."  This letter is stamped as received on August 21, 1997 and contains the phrase "Please return" in what appears to be different handwriting in the margin of the letter.

On January 6, 1999, the trial court granted plaintiffs' motion to vacate.  The transcript of proceedings shows that the trial court based its decision on the 
ex parte
 communications, following a review of the documents provided by the parties.  The trial court referred to the "Thanking you in advance" salutation as "very curious."  The trial court later stated that it was impossible or difficult for the trial court "to really know the timing," but noting there were items in the record that contradicted the Rieff affidavit.

On September 7, 1999, the trial court denied Rieff's motion to reconsider.  Rieff now appeals.

Rieff contends that the trial court erred in granting plaintiffs' motion to vacate the arbitration award based on 
ex parte
 communications.  The parties disagree as to the standard of review applicable to this case.  Citing 
Garver v. Ferguson
, 76 Ill. 2d 1, 389 N.E.2d 1181 (1979)
, Rieff argues that the standard of review under section 12(a) of the Act is 
de novo
.  However, 
Garner
 does not expressly state a standard of review.  Moreover, to the extent that 
Garner
 might be read as a 
de novo
 review, it must be noted that the claim in that case was that the arbitrators exceeded their powers, which only required a review of the arbitration agreement.

The plaintiffs argue that the trial court's findings of fact, weighing of evidence and determinations of credibility are to be given great deference.  However, none of the cases plaintiffs cite involve review of an arbitration award.

The proper standard of review depends on the nature of the claim at issue and the nature of the evidence produced in support of and in opposition to that claim.  Section 12(a) of the Illinois Uniform Arbitration Act (Act) enumerates various grounds on which an arbitration award is to be vacated.  710 ILCS 5/12(a) (West 1998).  The trial court's ruling relies on section 12(a)(1) of the Act, which provides in pertinent part that an arbitration award can be vacated where the award "was procured by corruption, fraud[,] or other undue means."  710 ILCS 5/12(a)(1) (West 1998). 

"
Ex parte
 contact involving disputed issues raises a presumption that the arbitration award was procured by fraud, corruption, or other undue means."  
Hahn v. A.G. Becker Paribas, Inc.
, 164 Ill. App. 3d 660, 667, 518 N.E.2d 218, 222 (1987).  A claim based on 
ex parte
 communications will almost inevitably involve a consideration of evidence outside the record of the arbitration proceedings.  Accordingly, the deferential standard of review applicable to arbitration proceedings is not controlling.

Moreover, the record in this case shows that the trial court's decision was based upon its review of documentary evi­dence.  Generally, the manifest weight of the evidence  standard of review applies if the trial court heard courtroom testimony, but a 
de novo
 standard applies when the trial court heard no testimony and ruled solely on the basis of documentary evidence.  See, 
e.g.
, 
Gaidar v. Tippecanoe Distribution Service, Inc.
, 299 Ill. App. 3d 1034, 1039-40, 702 N.E.2d 316, 319 (1998).  Although 
Gaidar
 involved the determination of a jurisdictional question, the underlying principle may be found in many other areas of Illinois law.  See, 
e.g.
, 
Stojkovich v. Monadnock Bldg.
, 281 Ill. App. 3d 733, 743, 666 N.E.2d 704, 711 (1996)(determination of whether negligence case may warrant punitive damages); 
Ambrose v. Thornton Township School Trustees
, 274 Ill. App. 3d 676, 680-81, 654 N.E.2d 545, 548 (1995)(administrative review);
 
In re Estate of Offerman
, 153 Ill. App .3d 299, 302, 505 N.E.2d 413, 415 (1987)(will contest).  Given the nature of the claim and the evidence presented in this case, a 
de novo
 review is appropriate.

Beyond the standard of review, this case presents questions regarding the allocation of evidentiary burdens.  Judicial review of an arbitrator's award is more limited than a review of a trial court's decision.  
E.g.
, 
Garver
, 76 Ill. 2d at 8, 389 N.E.2d at 1183.  It is up to the moving party to present competent evidence to support an assertion that an award should be invalidated.   
Drinane v. State Farm Mutual Automobile Ins. Co.
, 153 Ill. 2d 207, 211, 606 N.E.2d 1181, 1183 (1992).  As noted above, 
ex parte
 contact involving disputed issues raises a presumption that the award was procured by undue means.  
Hahn
, 164 Ill. App. 3d at 667, 518 N.E.2d at 223.  However, where sufficient evidence exists that a presumption is unwarranted, no reliance should be placed on the fact presumed.  
Drinane
, 153 Ill. 2d at 216, 606 N.E.2d at 1185.

For example, in 
Drinane
, a presumption of bias was created by an arbitrator's negotiating in another matter with the very parties he was arbitrating.  The 
Drinane
 court compared the situa­tion to that of an improper 
ex parte
 communication between a judge and a party appearing before him.  
Drinane
, 153 Ill. 2d at 217, 606 N.E.2d at 1185.  Although the 
Drinane
 court declined to equate the role of arbitrator with that of judge in all respects, it concluded that an arbitration panel not only must be unbiased but also must avoid even the appearance of bias.  
Drinane
, 153 Ill. 2d at 214, 606 N.E.2d at 1184.  Thus, arbitrators are required to disclose to the parties any dealings that might create even an impression of possible bias.  See 
Drinane
, 153 Ill. 2d at 214, 606 N.E.2d at 1184.  The presumed bias in 
Drinane
 was overcome by sworn affidavits and deposition testimony of the people involved, including the arbitrator, the defendant's personnel and the personnel of its law firm, that the disputed issues in the arbitration were not discussed.  
Drinane
, 153 Ill. 2d at 216, 606 N.E.2d at 1185.

Given our supreme court's analogy to improper 
ex parte
 communications between a judge and a party, it is also instruc­tive to compare this case to 
In re Marriage of Wheatley
, 297 Ill. App. 3d 854, 697 N.E.2d 938 (1998).  In 
Marriage of Wheatley
, the trial judge received an 
ex parte
 communication from a third party.  The trial judge maintained that he had not read the letter, was unaware of its contents, and that it did not influ­ence his decision of the case.  
Marriage of Wheatley
, 297 Ill. App. 3d at 858, 697 N.E.2d at 941.  This court concluded that the mere receipt of the letter containing an improper com­mun­i­cation did not create an appearance of impropriety.  
Marriage of Wheatley
, 297 Ill. App. 3d at 858, 697 N.E.2d at 941.  How­ever, the trial judge's failure to disclose the letter to the parties as soon as practicable created an appearance of impro­priety requiring that the judgment be vacated.  
Marriage of Wheatley
, 297 Ill. App. 3d at 858-59, 697 N.E.2d at 941.

Drinane
 and 
Marriage of Wheatley
 are useful not only in their specifics, but also in establishing the general context in which cases such as this appeal should be considered.  Both 
Drinane
 and 
Marriage of Wheatley
 establish that the appearance of bias or prejudice can be as damaging to public confidence in the administration of justice as would be the actual presence of bias or prejudice.  The standard is no lower in the context of alleged 
ex parte
 communications, based on our supreme court's long-stand­ing and continuous recognition of the practical difficulty of establishing the improper effects which can occur when arbitra­tors come into contact with evidence outside the arbitration pro­ceedings.  See 
Drinane
, 153 Ill. 2d at 216, 606 N.E.2d at 1185; 
Moshier v. Shear
, 102 Ill. 169, 174 (1881).  Thus, the presump­tion arising from 
ex parte
 contact involving disputed issues will require that an arbitration award be vacated, unless the opposing party or parties rebut that presumption with evidence of the sort found sufficient in 
Drinane
, but which was absent from 
Marriage of Wheatley
.

In this case, the record shows that Rieff admits sending letters regarding the issues in the arbitration proceeding to Gerald Asken's office.  The record also shows that the letter dated August 25, 1997, was stamped as received by Asken's firm on August 21, 1997.  Following 
Drinane
, evidence that Asken's firm came into contact with material regarding Rieff's dispute outside the arbitration proceedings creates the presumption that the arbitration was tainted by 
ex parte
 contact.

Accordingly, the issue becomes whether Rieff introduced evidence sufficient to overcome that presumption. Reiff argues that the presumption is overcome by evidence showing that the arbitrators had rendered their decision and signed the award forms prior to August 21, 1997.  Reiff's brief cites 
Kalish v. Illinois Education Association
, 166 Ill. App. 3d 406, 519 N.E.2d 1031 (1988), for the proposition that "[a]n award is deemed issued when the panel makes its decision."  However, in 
Kalish
, this court actually concluded that an award is final when issued.  
Kalish
, 166 Ill. App. 3d at 410, 519 N.E.2d at 1034.  The record in this case shows that the award was not issued as of August 21, 1997.  Thus, the award was subject to change when Rieff's letter was received by Asken's office.

Rieff argues in passing that none of the arbitrators saw either of his 
ex parte
 submissions.  In particular, Rieff asserts that Asken was out of the country on August 21, 1997.  Rieff appears to rely on the letters dated August 28 and 29, 1997, between Wehrle and Reiff's counsel stating that Asken was out of the country.  Rieff also appears to rely on the Cain affidavit, which states that Asken's office told the NFA that Rieff's letters were received on August 21, 1997, when Asken was out of town.

However, as the plaintiffs noted in the trial court, these statements are not based on the personal knowledge of the people making them.  The plaintiffs also correctly noted that these statements are hearsay. Indeed, the Cain affidavit may contain double hearsay.  The record contains no sworn statement or testi­mony from Asken or any of his employees that he was out of town during the relevant period and that he was never informed of any of the contents of Rieff's letters.  In addition, we note that the disclosure of Rieff's letters was initiated by Rieff's counsel, rather than Asken's office.

In sum, the record shows that Rieff sent Asken letters regard­ing his dispute.  The record shows the letters were receiv­ed in Asken's office and not disclosed for some period of time.  Yet Rieff offered no admissible evidence to rebut the presumption that arises from this record.  Following the princi­ples embodied in 
Drinane
 and 
Marriage of Wheatley
, we conclude that the trial court did not err in vacating the arbitration award.

For all of the aforementioned reasons, the judgment of the circuit court of Cook County is affirmed.

Affirmed.

O'BRIEN, J., and GALLAGHER, J., concur.

DIGEST OF OPINION

ROSENTHAL-COLLINS GROUP, L.P., LEHIGH VALLEY FUTURES, INC., and GREGORY DEUTCH,

Plaintiffs-Appellees,

CASE NAME: v.

J. DONALD REIFF,

Defendant-Appellant.

PRESIDING JUSTICE

 FIRST  
 
1-99-3543 
 
CALVIN C. CAMPBELL
 
MARCH 30, 2001

District Docket # Authoring Judge Date Filed

PANEL MEMBERS: O'BRIEN, J., and GALLAGHER, J., concur.

SUMMARY
:

Defendant J. Donald Reiff appeals an order of the circuit court of Cook County vacating an arbitration award on the motion of plaintiffs Rosenthal-Collins Group, L.P., Lehigh Valley Futures, Inc., and Gregory Deutch.  The trial court granted plain­tiffs' motion to vacate based its decision on 
ex parte
 communications in the form of two letters Reiff sent to the office of the chairman of the arbitration panel after the panel heard Reiff's case.

The appellate court affirmed.  The appellate court ruled that evidence that an arbitrator's firm came into contact with material regarding Reiff's dispute outside the arbitration proceed­ings created the presumption that the arbitration was tainted by 
ex parte
 contact.  The appellate court concluded that in this case, Reiff had offered no admissible evidence to rebut the presumption.

Affirmed.

REPORTER OF DECISIONS - ILLINOIS APPELLATE COURT

(Front Sheet to be Attached to Each Case)

___________________________________________________________________________

ROSENTHAL-COLLINS GROUP, L.P., LEHIGH VALLEY FUTURES, INC., and GREGORY DEUTCH,

Plaintiffs-Appellees,

CASE NAME: v.

J. DONALD REIFF,

Defendant-Appellant.

___________________________________________________________________________

No. 
 1-99-3543   

Appellate Court of Illinois

First District, Sixth Division

   MARCH 30, 2001  

PRESIDING JUSTICE CAMPBELL delivered the opinion of the court:

O'BRIEN, J., AND GALLAGHER, J., concur

___________________________________________________________________________

Appeal from the Circuit Court of Cook County

The Honorable 
 Aaron Jaffe 
, Judge Presiding.

___________________________________________________________________________

   For 
APPELLANT
, Thomas F. Burke, of Chicago.

   For 
APPELLEE
, John J. Muldoon III, of Chicago.

FOOTNOTES
1:  Quantum Financial Services entered into a settlement with Reiff prior to the arbitration proceedings and is not a party to this appeal.