# ILLINOIS OFFICIAL REPORTS

## Appellate Court

---

### *Smola v. Greenleaf Orthopedic Associates, S.C.*, 2012 IL App (2d) 111277

---

| | |
|---|---|
| Appellate Court Caption | STEVEN SMOLA, Plaintiff-Appellant, v. GREENLEAF ORTHOPEDIC ASSOCIATES, S.C., BQMCC, LLC, and TOMASSETTI LANDSCAPING, INC., Defendants-Appellees. |
| District & No. | Second District<br>Docket No. 2-11-1277 |
| Filed | December 27, 2012 |
| Held<br>(*Note: This syllabus constitutes no part of the opinion of the court but has been prepared by the Reporter of Decisions for the convenience of the reader.*) | In the instant action, the trial court erred in enforcing an arbitration award for defendants without allowing the arbitrator to rule on plaintiff's motion to reconsider, since the Uniform Arbitration Act is silent as to whether an arbitrator may reconsider an award before it becomes final, and when the parties' agreement does not cover the arbitrator's authority to address a motion to reconsider, the arbitrator should be allowed to rule on such a motion before the trial court confirms the award. |
| Decision Under Review | Appeal from the Circuit Court of Lake County, No. 09-L-1167; the Hon. Margaret J. Mullen, Judge, presiding. |
| Judgment | Vacated and remanded. |

Counsel on Appeal

W. Randal Baudin, of Baudin & Baudin, of Algonquin, for appellant.

Michael Resis and Brian S. Ebener, both of SmithAmundsen LLC, of Chicago, for appellees Greenleaf Orthopedic Associates, S.C., and BQMCC, LLC.

Panel

JUSTICE HUTCHINSON delivered the judgment of the court, with opinion.

Justices McLaren and Hudson concurred in the judgment and opinion.

**OPINION**

¶ 1      Plaintiff, Steven Smola, brought the current matter, alleging a personal injury claim against defendants, Greenleaf Orthopedic Associates, S.C., BQMCC, LLC, and Tomassetti Landscaping, Inc. Plaintiff alleged that he slipped and fell on "black ice" in a parking lot owned and maintained by defendants, causing injuries to his shoulder. The trial court dismissed plaintiff's claim with prejudice, pursuant to the parties' agreement to resolve the controversy by way of binding arbitration; the trial court retained jurisdiction to adjudicate liens and to enforce the terms of the arbitration award.

¶ 2      Following a hearing, the arbitrator returned an "Award" in defendants' favor. Thereafter, plaintiff submitted to the arbitrator a motion to reconsider the arbitration award. On the same day, defendants filed a motion with the trial court to enforce the arbitration award. Before the arbitrator ruled on plaintiff's motion to reconsider, the trial court conducted a hearing and granted defendants' motion to enforce the arbitration award. The trial court concluded that the award was "final and binding upon the parties" and that plaintiff was barred from filing with the arbitrator a motion to reconsider the award. Contending that the trial court erred by finding that the award was final before the arbitrator ruled on plaintiff's motion to reconsider, plaintiff now appeals. For the following reasons, we reverse and remand.

¶ 3                      I. Background

¶ 4      In October 2007, plaintiff underwent surgery to repair a torn rotator cuff. A surgeon who was a member of Greenleaf Orthopedic Associates, S.C., performed the surgery. Following the surgery, the surgeon prescribed a physical therapy regimen for plaintiff. On December 3, 2007, plaintiff drove to the Greenleaf Orthopedic Associates' physical therapy department, located at 151 W. Golf Road in Libertyville. While in the parking lot, plaintiff slipped on what he described as "black ice" under a "light dusting of snow."

¶ 5      On December 3, 2009, plaintiff filed his complaint. Plaintiff alleged that defendants had

a duty to maintain the parking lot in a manner that was free from unreasonably dangerous conditions; defendants failed to do so; and, as a result, defendants proximately caused his injuries. Plaintiff sought in excess of $100,000 in damages.

¶ 6 Thereafter, the parties agreed to submit their dispute to binding arbitration. On February 24, 2011, the trial court entered an order providing:

"[T]he above cause of action is dismissed with prejudice and without cost to either party, all costs having been paid and all matters in controversy for which said action was brought having been agreed to be resolved by the parties by way of a binding arbitration hearing. The Court retains jurisdiction to adjudicate liens and to enforce the terms of the arbitration award."

The parties manifested their agreement in a March 3, 2011, letter that defendants' counsel sent to plaintiff's counsel. The letter stated:

"Please allow this letter to confirm that all parties in this case have agreed to resolve this matter by way of a binding arbitration hearing; with retired Lake County Judge Stephen Walter serving as the sole arbitrator. It is understood and agreed to between the parties that [the arbitrator] will decide all pertinent issues in this case, including liability and damages."

¶ 7 The arbitrator conducted the arbitration proceedings on April 11, 2011. On July 8, 2011, the arbitrator entered the "Award," finding in defendants' favor. The arbitrator signed the award and delivered it to the parties.

¶ 8 On July 26, 2011, plaintiff's attorney sent the arbitrator a "Motion to Reconsider, Rehear, Modify and/or Vacate Arbitration Award of July 8, 2011," by e-mail, with an accompanying memorandum. Also on July 26, 2011, defendants filed with the trial court a "Motion to Enforce Binding Arbitration Award." Plaintiff responded to defendants' motion and attached his motion to reconsider and accompanying memorandum. Plaintiff argued that the trial court should defer ruling on defendants' motion until after the arbitrator resolved plaintiff's motion.

¶ 9 On July 30, 2011, the arbitrator e-mailed the parties, stating:

"I've received the [m]otion to reconsider, etc. from [plaintiff's attorney]. I will be out of town much of the first [2½] weeks of August. I'm setting the following briefing schedule: [defendants] have through August 10 to respond, and [plaintiff] has through August 17 to reply. I'll let you know if there will be a hearing date after I have received all materials."

¶ 10 On August 10, 2011, defendants' attorney e-mailed the arbitrator with respect to plaintiff's motion to reconsider, asking that his e-mail serve as a "partial response" to plaintiff's motion. Defendants' attorney also attached the motion to enforce the arbitration award and informed the arbitrator of a September 1, 2011, hearing date on that motion. Before setting forth his response to plaintiff's motion to reconsider, defendants' attorney stated:

"[D]ue to the fact that I object to [plaintiff's] entire post-arbitration course of action in this matter, please consider the attached motion to be incorporated into my response to

-3-

the motion to reconsider."

¶ 11     On August 24, 2011, the arbitrator e-mailed the parties regarding a reply to defendants' response, stating:

> "I have received the motion to reconsider and [defendants'] response. I have not received any [r]eply from [plaintiff]. I did receive a corrected [m]emorandum from him. Please let me know if a [r]eply has been sent."

Plaintiff's attorney informed the arbitrator by facsimile that same day that he did not intend to reply to defendants' response.

¶ 12     On September 1, 2011, the trial court conducted a hearing regarding defendants' motion to enforce the arbitration award. At the conclusion of the hearing, the trial court found that the parties' March 3, 2011, arbitration agreement was "silent as to the issue of a motion to reconsider" and that, based upon its review of applicable law, unless there was a need "to correct a mistake apparent on the face of the award," the arbitration award was final and binding upon the parties. Because the trial court found that there was no mistake apparent on the face of the arbitration award, the trial court further found that "neither party is allowed to present a motion to reconsider the award based upon the facts and evidence present in this case."

¶ 13     On September 29, 2011, plaintiff filed a motion asking the trial court to reconsider its order finding that the arbitration award was final and binding. On November 15, 2011, the trial court conducted a hearing and denied plaintiff's motion to reconsider, holding:

> "Binding [arbitration] means binding [arbitration] period. The case was dismissed. [The arbitrator], once he ruled, had no further power under the doctrine of *functus officio* to reconsider his ruling except to correct a mistake apparent on the face of the record, which, I have said previously, isn't an issue in this case, or to complete an arbitration or to clarify an ambiguity in the award."

Plaintiff timely appealed.

¶ 14                                    II. Discussion

¶ 15     On appeal, plaintiff contends that the trial court erred in finding that the arbitration award was final and in granting defendants' motion to enforce the award. Plaintiff's contention rests on his argument that the arbitrator was entertaining his motion to reconsider at the time the trial court was considering defendants' motion to enforce the award. In support of his argument, plaintiff further asserts that the broad language in the arbitration agreement gave the arbitrator authority to entertain his motion to reconsider. Plaintiff also argues that defendants "actively participated" on plaintiff's motion to reconsider, thereby waiving their objection to the arbitrator's review of the motion. Defendants counter that the trial court's finding was correct because plaintiff's motion did not present appropriate grounds to reconsider. Defendants further argue that plaintiff waived his argument regarding their alleged waiver by not properly preserving the issue in the trial court.

¶ 16     The interpretation of an arbitration agreement involves a question of law and is subject to *de novo* review. *Carr v. Gateway, Inc.*, 241 Ill. 2d 15, 20 (2011). Under the Illinois

Uniform Arbitration Act (the Act) (710 ILCS 5/1 *et seq.* (West 2010)), the parties are bound to arbitrate those issues that they have agreed to arbitrate. *Jenkins v. Trinity Evangelical Lutheran Church*, 356 Ill. App. 3d 504, 511 (2005). Thus, the Act does not control which issues are subject to arbitration, and whether an issue is subject to arbitration is governed by the agreement between the parties. *Shultz v. Atlantic Mutual Insurance Co.*, 367 Ill. App. 3d 1, 10 (2006). Courts generally construe "generic" arbitration clauses broadly, concluding that the parties are obligated to arbitrate any dispute that arguably arises under an agreement containing a "generic" provision. *Bass v. SMG, Inc.*, 328 Ill. App. 3d 492, 498 (2002). Language that courts have labeled "generic" includes arbitration of "disputes arising out of" or "disputes arising out of or related to" the agreement at issue. See *Nagle v. Nadelhoffer, Nagle, Kuhn, Mitchell, Moss & Sologa, P.C.*, 244 Ill. App. 3d 920, 925 (1993). " '[W]hen the language of an arbitration clause is broad and it is unclear whether the subject matter of the dispute falls within the scope of [the] arbitration agreement, the question of substantive arbitrability should initially be decided by the arbitrator.' " *Marks v. Bober*, 399 Ill. App. 3d 385, 389-90 (2010) (quoting *Donaldson, Lufkin & Jenrette Futures, Inc. v. Barr*, 124 Ill. 2d 435, 447-48 (1988)). Thus, the trial court is to decide whether there is an arbitration agreement and may decide the scope of the agreement where the terms are clear; but where the parties are in conflict as to the scope of an agreement and the questions presented are reasonably debatable, such questions are to be left to the arbitrator in the first instance. *Comdisco, Inc. v. Dun & Bradstreet Corp.*, 306 Ill. App. 3d 197, 203-04 (1999).

¶ 17    In the present case, the parties do not dispute the substantive issue that is subject to arbitration, *i.e.*, whether defendants were liable for plaintiff's injuries resulting from his slip and fall; rather, they disagree on whether the arbitrator could entertain a motion to reconsider after issuing the award. In arguing that the arbitrator was without authority to entertain a motion to reconsider, defendants rely on the common-law doctrine of *functus officio*. The term *functus officio*, Latin for "office performed," is employed in arbitration law for the proposition that an arbitrator may not revise the *final* award once it has been issued. *Glass, Molders, Pottery, Plastics & Allied Workers International Union, AFL-CIO, CLC, Local 182B v. Excelsior Foundry Co.*, 56 F.3d 844, 845 (7th Cir. 1995).

¶ 18    Our review of the Act and prior case law reveals little guidance regarding the procedural availability of motions to reconsider before an arbitrator or whether an arbitration award becomes final once issued. With respect to the Act, section 8(a) provides that an award shall be in writing and signed by the arbitrator and that a copy of the award should be delivered to the parties personally, by registered mail, or as provided in the parties' agreement. 710 ILCS 5/8(a) (West 2010). Section 8(b) provides that an arbitrator shall make an award within the time frame specified by the agreement, "or, if not so fixed, within such time as the court orders on application of a party." 710 ILCS 5/8(b) (West 2010). Section 9 of the Act provides that, within 20 days of delivery of the award, a party may file an application with the arbitrator to modify or correct the award "upon the grounds stated in paragraphs (1) and (3) of subdivision (a) of [s]ection 13," or to clarify the award. 710 ILCS 5/9 (West 2010). However, as the parties acknowledged at oral argument, the Act does not address whether a party may move for an arbitrator to reconsider her or his decision.

¶ 19    In *Kalish v. Illinois Education Ass'n*, 166 Ill. App. 3d 406 (1988), the plaintiff filed a

motion asking the arbitrator to reconsider the award. *Id.* at 408. The trial court granted the defendants' motion to enforce the award before the arbitrator had ruled on the plaintiff's motion. *Id.* The plaintiff appealed, arguing that the award was not final until the arbitrator's determination of its motion to reconsider. *Id.*

¶ 20 On appeal, the reviewing court rejected the plaintiff's argument, holding that the award was final when it was issued, because the parties' arbitration agreement expressed that the award would be final and binding. *Id.* at 410. Specifically, the court concluded that "[t]here is no provision in the [Act] providing for reconsideration of awards on the merits. *** Accordingly, there is no statutory basis for the modification of an award which, in effect, is a request to reconsider the merits of the case rather than a request for mere clarification." *Id.* The court further noted that the parties bargained for finality when they agreed to submit their dispute to arbitration for a binding and nonappealable decision. *Id.* The court went on to note that the parties' agreement contained "final" language, and as a result the award was final and not subject to reconsideration on the merits. *Id.*

¶ 21 We find *Kalish* distinguishable. In holding that the plaintiff could not file a motion to reconsider with the arbitrator, the court in *Kalish* emphasized that the parties bargained for finality and that a contractual arbitration provision stating that an award shall be final *should govern. Id.* The arbitration clause in the *Kalish* agreement contained "final" language. Conversely, in this case, the parties' agreement did not contain such final language. Rather, their agreement provided merely that the arbitrator would "decide all pertinent issues in this case" and did not provide the circumstances under which the award would become final. Because the agreement was silent with respect to finality, we believe that the arbitrator was best able to determine the finality of his decision in a manner that was consistent with the parties' agreement.

¶ 22 We are cognizant that, as the *Kalish* court noted, the Act does not provide for reconsideration of an award on the merits. Nonetheless, the Act does not preclude the parties from bringing a motion to reconsider before an arbitrator. We do not believe that, merely because the Act is silent with respect to motions to reconsider, the Act precludes an arbitrator from entertaining such a motion if doing so is consistent with the parties' agreement. See generally *Kost v. Farmers Automobile Insurance Ass'n*, 328 Ill. App. 3d 649, 654 (2002) (noting that the Act does not preclude parties from agreeing to nonbinding arbitration).

¶ 23 Moreover, we note that prior cases have involved parties requesting an arbitrator to modify an original award, presumably before that award became final. In *Sloan Electric v. Professional Realty & Development Corp.*, 353 Ill. App. 3d 614, 620 (2004), the defendant filed a motion to reconsider with the arbitrator, which motion the arbitrator denied. Neither the parties, the trial court nor the reviewing court objected to or commented on the arbitrator's authority to entertain the motion to reconsider. Thus, the circumstances in *Sloan* support our conclusion that an arbitrator may entertain a party's motion to reconsider, provided that his or her authority to do so does not run afoul of the parties' arbitration agreement.

¶ 24 Accordingly, we hold that when, as here, the parties' agreement is silent with respect to an arbitrator's authority to entertain a motion to reconsider, the decision of whether such a

motion may be entertained pursuant to the parties' agreement should be left to the arbitrator in the first instance. In other words, if the parties' agreement to arbitrate does not express the circumstances under which an award would become final, the arbitrator retains the authority to reconsider the award before the trial court enters a judgment confirming the award. We find this scenario sufficiently analogous to when the parties dispute the scope of the agreement due to ambiguous terms in the agreement. As noted above, such a dispute is resolved by the arbitrator. See *Comdisco, Inc.*, 306 Ill. App. 3d at 203-04. Our determination is consistent with the spirit and purpose of arbitration proceedings, which prescribe that arbitration is a purely voluntary undertaking and a creature of contractual consent. See *Freemantlemedia-Ltd. v. Colmar, Ltd.*, No. 01 C 7733, 2001 U.S. Dist. LEXIS 18199, at *3 (N.D. Ill. Nov. 5, 2001). By its very nature, arbitration is "a system essentially structured without due process, rules of procedure, rules of evidence, or any appellate procedure." *Hawrelak v. Marine Bank, Springfield*, 316 Ill. App. 3d 175, 181 (2000). We do not believe that, as defendants urge, an arbitrator is prohibited from entertaining a motion to reconsider an award before the trial court confirms and enters judgment on the award, merely because the Act is silent regarding this matter. Rather, we believe that the better rule is to allow parties to express the terms of finality and, if the parties fail to do so, to allow the arbitrator to decide in the first instance whether considering the motion would be consistent with the parties' agreement.

¶ 25        We find additional support for our conclusion in *Village of Carpentersville v. Mayfair Construction Co.*, 100 Ill. App. 3d 128 (1981). In that case, the parties agreed to arbitrate disputes concerning payment for work performed outside the scope of a construction contract. *Id.* at 129. The plaintiff argued that the defendant did not comply with the arbitration agreement's language regarding the timeliness of demands for arbitration. *Id.* at 131. Therefore, the plaintiff argued that the procedural issue of whether the defendant complied with time requirements and other procedures relative to arbitration should be decided by the trial court. *Id.* at 132. The reviewing court disagreed, concluding that "matters of timeliness and waiver and the other procedural matters in question should be decided by the arbitrator." *Id.* at 133. The reviewing court noted that procedural questions often could not be resolved without construing the arbitration agreement as a whole and were thus best answered by the arbitrator, "who presumably will hold the parties to the essence of their bargain." *Id.*

¶ 26        We recognize that *Village of Carpentersville* concerned procedural issues with respect to initiating arbitration pursuant to the parties' agreement; however, we believe that its basic holding is applicable here. As an arbitrator should decide issues pertaining to procedural matters related to initiating arbitration pursuant to an agreement, an arbitrator should likewise decide procedural issues pertaining to when the arbitration process terminates pursuant to the agreement. As noted above, the parties' agreement in the present case did not provide when the award would become final and enforceable, and therefore the arbitrator was in the best position to hold the parties to the essence of their agreement. See *id.*

¶ 27        We are further cognizant of the concern raised by defendants' counsel at oral argument that our holding today would open the door to parties asking an arbitrator to reconsider an award, which would further extend arbitration proceedings. However, defendants' concern

only supports our rationale and decision. If parties are concerned with an arbitration proceeding being extended past an arbitrator's award, they are free to specify in their agreement that the arbitrator's award becomes final when initially issued and cannot be reconsidered except in the situations specified in the Act. We reiterate that the better practice is for parties to specify in their agreement the circumstances under which finality occurs.

¶ 28    In sum, we conclude that, because the Act is silent with respect to whether an arbitrator may reconsider the merits of an award before the award becomes final, an arbitrator has the authority to entertain such a motion so long as the parties' agreement does not prohibit the arbitrator from doing so. An arbitration agreement does so when, as in *Kalish*, the agreement contains language that an award would be final when issued. *Kalish*, 166 Ill. App. 3d at 410. Absent clear language indicating finality, the arbitrator is in the best position to determine when the award becomes final, which necessarily involves construing the parties' agreement. In this case, the agreement was silent as to finality and the arbitrator's conduct reflected that he would review plaintiff's motion to reconsider and rule upon it in due course. Accordingly, the trial court in this case erred when it entered an order enforcing the terms of the arbitration agreement before the arbitrator ruled on the motion to reconsider and finalized the award.

¶ 29                                    III. Conclusion

¶ 30    For the foregoing reasons, we vacate the judgment of the circuit court of Lake County and remand for further proceedings consistent with this opinion.

¶ 31    Vacated and remanded.