**NOTICE:** This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

2022 IL App (3d) 210409-U

Order filed August 30, 2022

IN THE

APPELLATE COURT OF ILLINOIS

THIRD DISTRICT

2022

| | | |
|---|---|---|
| BOURBONNAIS TOWNSHIP, a municipal corporation of the State of Illinois, and STEVEN BISAILLON, | ) ) ) ) | Appeal from the Circuit Court of the 21st Judicial Circuit, Kankakee County, Illinois, |
| Plaintiffs-Appellants, | ) ) | |
| v. | ) ) | Appeal No. 3-21-0409 Circuit No. 21-MR-83 |
| INTERNATIONAL UNION OF OPERATING ENGINEERS OF CHICAGO, ILLINOIS VICINITY LOCAL NO. 399, and JOHN WIGMORE, | ) ) ) ) ) | Honorable Nancy A. Nicholson, |
| Defendants-Appellees. | ) | Judge, Presiding. |

JUSTICE HOLDRIDGE delivered the judgment of the court.
Justices McDade and Hauptman concurred in the judgment.

**ORDER**

¶ 1     *Held*: The circuit court did not err as a matter of law when it referred the matter to an arbitrator to decide the issue of arbitrability.

¶ 2     The plaintiffs, Bourbonnais Township, a municipal corporation of the State of Illinois, and Steve Bisaillon, Road Commissioner of Bourbonnais (collectively, Bourbonnais), brought a declaratory judgment action for a determination as to whether the parties were subject to an

arbitration clause contained in a Collective Bargaining Agreement (CBA). The defendants, International Union of Operating Engineers of Chicago, Illinois Vicinity Local No. 399, and John Wigmore (collectively, the Union), argued that the parties were subject to arbitration. The circuit court entered an order compelling arbitration. Bourbonnais appeals.

¶ 3                                              I. BACKGROUND

¶ 4        On September 8, 2020, Wigmore was hired by the Bourbonnais highway department, and the terms of his employment were set forth in the CBA. On November 5, 2020, Bourbonnais discharged Wigmore. The Union filed a grievance on Wigmore's behalf challenging the termination on the basis that it violated the terms of the CBA. The Union attempted to advance Wigmore's grievance to arbitration, which Bourbonnais refused.[1] Bourbonnais then brought this declaratory judgment action seeking a determination as to whether Wigmore was subject to the arbitration clause contained in the CBA.

¶ 5        The following three provisions of the CBA were invoked:

> "[Article I,] Section 1.2 Fair Representation. *** All employees who are hired hereafter shall become and remain members in good standing of the Union as a condition of employment on and after the 61st day following the beginning of their employment or on and after the 61st day following the effective date of this Agreement or the date of this Agreement, whichever is the later."

---

[1] Article VII of the CBA provides a "Grievance Procedure" that could result in arbitration. The CBA defines a "grievance" as "a complaint arising under and during the term of this Agreement raised by an employee of the Union against *** Bourbonnais alleging that there has been an alleged violation, misinterpretation of an express written provision of this Agreement." The CBA provides that step one required the employee to submit a grievance to their department head who would render a written response to the grievance. If the grievance was not settled, step two required the grievant to submit to their Bourbonnais supervisor. If the grievance was not resolved at step two, the parties would undergo arbitration.

"Article III Management Rights[.] *** [T]hese rights and authorities include *** to discipline, suspend and discharge employees for just cause (probationary employees without cause) ***."

"Article VI Discipline and Discharge[.] Disciplinary action or measures shall normally include only the following: oral reprimand, written reprimand, suspension and discharge. *** An employee may file a grievance over disciplinary action, but only disciplinary grievances involving suspensions without pay or discharge are subject to arbitration."

¶ 6    Reading these provisions together, Bourbonnais argued that Wigmore was terminated on his 58th day of employment so he was a probationary employee not subject to the arbitration provision. Bourbonnais rationalized that, since Wigmore could be terminated without cause, it could not be called upon to justify the termination in arbitration.

¶ 7    The Union filed a section 2-619(a)(9) motion to dismiss (735 ILCS 5/2-619(a)(9) (West 2020)) and/or a motion to compel arbitration. The Union argued that compelling arbitration was proper because (1) the CBA states that grievances challenging discharge are subject to arbitration; (2) the Illinois Uniform Arbitration Act provides that, on application of a party showing an arbitration agreement and the opposing party's refusal to arbitrate, the court shall order arbitration unless the opposing party denies the existence of the agreement to arbitrate (710 ILCS 5/2(a) (West 2020)); and (3) the interpretation of the CBA is within the purview of an arbitrator.

¶ 8    Following a hearing on the arguments, the court granted the Union's motion to compel arbitration. The court found that it was unclear whether the subject matter of the dispute fell within the scope of arbitration and the issue of arbitrability should be decided by the arbitrator.

¶ 9    Bourbonnais appeals.

¶ 10                                    II. ANALYSIS

¶ 11          The Uniform Arbitration Act (710 ILCS 5/1 *et. seq.* (West 2020)) provides that parties are bound to arbitrate issues that they have agreed to arbitrate. *Smola v. Greenleaf Orthopedic Associates, S.C.*, 2012 IL App (2d) 111277, ¶ 16. The United States Supreme Court has held that:

> "[W]here [a] contract contains an arbitration clause, there is a presumption of arbitrability in the sense that '[a]n order to arbitrate [a] particular grievance should not be denied unless it may be said with positive assurance that the arbitration clause is not susceptible of an interpretation that covers the asserted dispute. Doubts should be resolved in favor of coverage.' " *AT&T Technologies, Inc. v. Communications Workers of America*, 475 U.S. 643, 650 (1986) (quoting *United Steelworkers of America v. Warrior & Gulf Navigation Co.*, 363 U.S. 574, 582-83 (1960).

¶ 12          When the circuit court is presented with a motion to compel arbitration, the only issue is whether an agreement exists to arbitrate the dispute in question. *Brookner v. General Motors Corp.*, 2019 IL App (3d) 170629, ¶ 17. Arbitration contracts are interpreted in the same manner and according to the same rules as all other contracts. *State Farm Fire & Casualty Co. v. Watts Regulator Co.*, 2016 IL App (2d) 160275, ¶ 27.

¶ 13          A three-pronged approach applies to determine whether an agreement exists to arbitrate the dispute in question: (1) if it is clear that the dispute falls within the scope of the arbitration clause, the court must compel arbitration; (2) if it is clear that the dispute does not fall within the scope of the arbitration clause, the court must deny the motion to compel arbitration; and (3) if it is unclear or ambiguous whether the dispute falls within the scope of the arbitration clause, the matter should be referred to the arbitrator to determine arbitrability. *Guarantee Trust Life*

4

*Insurance Co. v. Platinum Supplemental Insurance, Inc.*, 2016 IL App (1st) 161612, ¶ 26; see *MHR Estate Plan, LLC v. K & G Partnership*, 2016 IL App (3d) 150744, ¶ 20. If the court decides the issue without making any factual findings, such as here, our review is *de novo. Federal Signal Corp. v. SLC Technologies, Inc.*, 318 Ill. App. 3d 1101, 1105 (2001).

¶ 14    Bourbonnais argues that because Wigmore was a probationary employee and he could be terminated without cause (relying on Articles I and III of the CBA), arbitration is unavailable to him.[2] In other words, if an employee can be terminated without cause, it would be illogical for the CBA to provide for arbitration, as the termination would need no justification.

¶ 15    First, we note that "[w]hether an arbitration agreement encompasses a particular issue is to be determined without consideration of the merits of the issue claimed to be arbitrable." *United Cable Television Corp. v. Northwest Illinois Cable Corp.*, 128 Ill. 2d 301, 307 (1989); see *Henry Schein, Inc. v. Archer & White Sales, Inc.*, 139 S. Ct. 524, 529 (2019) ("[a] court has no business weighing the merits of the grievance because the agreement is to submit all grievances to arbitration, not merely those which the court will deem meritorious" (Internal quotation marks omitted.)). Second, we agree with the circuit court and find that it is unclear or ambiguous whether this dispute falls within the arbitration clause. This ambiguity is demonstrated by the well-articulated arguments raised by the parties and when reading the CBA as a whole. Therefore, the matter must be referred to the arbitrator to decide arbitrability. *City of Naperville v. Illinois Fraternal Order of Police, Labor Council, F.O.P. Lodge No. 42*, 2013 IL App (2d) 121071, ¶ 15. This conclusion is consistent with the purpose of arbitration by employing the arbitrator's skilled

---

[2] The Union argues that Bourbonnais failed to raise this argument below, and thus, has forfeited it for appellate review. We find that Bourbonnais sufficiently raised this argument before the circuit court when it argued in response to the Union's motion that it was "being called upon to justify a termination that requires no justification."

judgment to resolve the ambiguity. *Id.*

¶ 16      Bourbonnais contends that referring the matter to the arbitrator would preclude it from seeking judicial review of the arbitrator's decision because its decision is binding. It cites section 7.4 of the CBA, which provides that "[a]ny decision or award of the arbitrator rendered within the limitations of this Section 7.4 shall be final and binding upon the Township of Bourbonnais, Union and the employees covered by this Agreement." While it is true that the CBA provides that the arbitrator's decision is binding, this section also provides that the arbitrator's decision must be rendered within its authority, and where an arbitrator decides the question of arbitrability, it is subject to judicial review. See *Salsitz v. Kreiss*, 198 Ill. 2d 1, 13-14 (2001) (collecting cases).

¶ 17      Finally, we address the pending motion before this court. The Union filed a motion to strike Bourbonnais's reply brief that we ordered to be taken with the case. Bourbonnais's reply brief does not address the aforementioned arguments. Instead, Bourbonnais stated that the Illinois Labor Relations Board (Board) has since entered a dismissal of unfair labor practice charges finding in favor of Bourbonnais and against the Union. The Board's decision was entered the same day Bourbonnais filed its opening brief in this matter. Bourbonnais has submitted the Board's decision to this court for consideration, which concluded that the charge "should be deferred until the parties have exhausted the contractual grievance procedure." Regardless, Bourbonnais focuses on the following language contained in the order:

> "This charge presents an isolated case wherein [Bourbonnais] refused to process a grievance based on its contractual interpretation that probationary Unit members are not entitled to arbitration proceedings. Therefore, [Bourbonnais's] actions do not rise to the level of an unfair labor practice, and *the question of the validity of the grievance in question is a function of the Illinois courts*." (Emphasis added.)

6

Bourbonnais also argues that *res judicata* applies "in that [the Union] has, in bad faith, filed new charges which are or could have been litigated in the first Illinois Labor Relations Board Decision."

¶ 18 First, this court cannot consider the Board's decision. The introduction of new evidence on appeal is improper, and we decline to consider any evidence that was not first presented before the circuit court. *In re Marriage of Micheli*, 2014 IL App (2d) 121245, ¶ 21.

¶ 19 Second, Bourbonnais's method of bringing this to the court's attention is injudicious. Illinois Supreme Court Rule 341(j) provides that the reply brief "shall be confined strictly to replying to arguments presented in the brief of the appellee and need contain only Argument." Ill. S. Ct. R. 341(j) (eff. Oct. 1, 2020). Points not argued in the opening brief are forfeited and shall not be raised in the reply brief, oral argument, or petition for rehearing. Ill. S. Ct. R. 341(h)(7) (eff. Oct. 1, 2020). Here, Bourbonnais forfeited this argument. We grant the Union's motion to strike Bourbonnais's reply brief and admonish counsel that the matter should have been addressed by motion practice.

¶ 20 III. CONCLUSION

¶ 21 For the foregoing reasons, the judgment of the circuit court of Kankakee County is affirmed.

¶ 22 Affirmed.